Hon. JAMES BARRETT,
Hon. ASAHEL PECK, } Assistant Judges.
Hon. TIMOTHY P. REDFIELD,

---

Mary Jane Colburn et als. *v.* Sarah Hadley, executrix of Kimball Hadley.

### *Will.  Lapsed Legacy.*

The testator, after willing to his wife, the defendant, two thirds of all his property, to have and to hold as long as she remained his widow, and in the event of her marriage, to have, absolutely, one half of what should then remain thereof, the other half to go to his only son, if living, otherwise to his heirs, and if she died his widow, then what remained thereof to go to his said son, or to his heirs, as aforesaid, devised the other third of his property to his said son, " with the condition, that if he deceases before my wife, and leaves no children, what then remains of said property which I will him, shall go to my wife, if she be living." The son deceased before the testator, leaving no children. *Held,* that the legacy to him lapsed.

APPEAL from a decree of the probate court of the district of Essex. The case was tried at the March term, 1872, Ross, J., presiding, on an agreed statement of facts. It was agreed that

Kimball Hadley duly made and executed his last will and testament, and that after his decease the same was duly probated; that when said will was made, the testator had an only son, Osman B Hadley, who died about two years prior to the decease of the testator, leaving no children; and that the said Osman was not the son of the said Sarah Hadley, the executrix. The question was, whether the legacy given to the said Osman by said will, lapsed by reason of his death. The will was as follows:

"I give to my wife, Sarah Hadley, two thirds of all my property except my library, and out of that she is to have twenty dollars' worth of books, and she is to have the right of selecting them to that amount, at their appraised value, said selection to be made within six months after my decease. I also further provide that my wife shall retain the above property so long as she remains my widow and single, and in case she marries, then she is to have absolute as hers, only one half of what remains at that time of what I will her, the other half to go to my only son if he be living, if not, to his heirs. If she dies my widow, then what portion I have willed her remaining at that time, is also to go to my only son if he be living, if not, to his heirs. I also give and devise to my only son, Osman B. Hadley, the other third of my property and the whole of my library, with the exception of the twenty dollars' worth above mentioned, with the condition that if he deceases before my wife, and leaves no children, what then remains of said property which I will him, shall go to my wife if she be living."

The court rendered judgment that the defendant recover her costs; to which the plaintiffs excepted.

—— ——, for the plaintiffs, contended that the legacy lapsed, and cited. *Jackson* v. *Roberts*, 14 Grey, 550; 1 Redf. Wills, 440, 441, n. 9; *Workman* v. *Workman*, 2 Allen, 472; *Ballard* v. *Ballard*, 18 Pick. 43; *Carpenter* v. *Heard*, 14 Ib. 449; *Humberston* v. *Stanton*, 1 Ves. & B. 385; *Decamp* v. *Hall et al.* 42 Vt. 483; Gen. Sts. ch. 49, § 28.

*Ray & Drew*, for the defendant, contended that all the property went to the defendant under the will, during her life, provided she remained unmarried, and at her decease, would go to the said Osman's heirs.

The opinion of the court was delivered by

REDFIELD, J.　Kimball Hadley, by his will, made certain bequests to his only son, Osman B. Hadley, and also to his wife, the defendant.　Osman B. died some two years before the testator, and the question is submitted, whether the share given by the will to the son, became, by his decease before the testator, a *lapsed* legacy.　The provision of the statute, ch. 49, § 28, does not reach this question, as the son died without issue.　The general rule is well settled, that where the legatee dies before the testator, the legacy will lapse.　2 Redf. Wills, 484, § 50 ; Wms. Exrs. 1084.　We discover nothing in this will that will take the case out of the general rule.

The judgment of the county court is therefore affirmed, and ordered to be certified to the probate court.