Totten, J.,
delivered the opinion of the court.
The plaintiff brings his bill as next of kin to Edward M. Ford, deceased, to recover an interest in a part of his estate not disposed of, as it is asserted, by the will of the deceased. The case was heard upon demurrer and the bill dismissed, and thereupon, the plaintiff has appealed to this court.
It appears that on the 20th August, 1846, the said Edward M. Ford made and published his will; on the 8th December, 1847, he made and published a codicil to his will; on the 9th *433 March, 1848 he died, and thereon, the will and codicil were duly admitted to probate. The plaintiff and defendants are the children of the testator, and one of them, Richard Ford, is executor of the will.
In the second clause of the will, the testator makes provision for his wife, in real and personal property, and then proceeds as follows:
“ 3d. To my son, Edward C., I have given a stock of goods which was intended as his legacy; and I have a note of his for about $200, which I do not wish collected, which, together with a bed and a few books, I consider as his portion in full of my estate.”
“4th. To my six children, Martha M., Harriet, Richard, George B., Samuel, and Peter R., I bequeath all my property not heretofore devised,- to be equally divided among them.”
In the sixth clause, the property given to the wife, except the negroes, is limited to her for life, then to be equally divided among the six children last above named. The six slaves are given to her “ subject to her disposal,” and we will merely observe as to thát, that the'éffect is, to vest in her the absolute property to the slaves. Deaderick vs. Armour, 10 Humph. R. The wife survived the husband and then died, and her representative has no connexion with this suit. The codicil is in these words : “Codicil. Since writing the above will, my daughter Harriet has married against the wish and advice of the family, to Samuel Holloway. She has acted in this matter so disrespectfully towards her parents as to forfeit the claim of a child, and it is my wish that the legacy left her ¿bove be revoked entirely, and that any claim and benefit arising to her as an heir to my estate, be hereby cast off and barred forever to her and her heirs,” &c.
The plaintiff and the other six children named in the will were the only children of the testator living at his death ; the said Harriet has since died, without issue, and her representa’ *434 tive is no party to this bill. The five children named in the fourth clause, Harriet being excluded, claim in virtue of that clause, the general residue of the estate, estimated at the value of some seventy thousand dollars, and they insist that the gift to Harriet being revoked, her share passes to them, under and by force of the will.
On the contrary, it is contended for the plaintiff that the share of Harriet is undisposed of by the will, and that it is subject, under the statute, to distribution among the next of kin, as in case of intestacy, it being in fact a case of partial intestacy.
The question to be decided is, what effect has the codicil upon the foi’mer dispositions made in the will?
It is perfectly clear that a will and codicil are to be taken and construed together, as parts of one and the same instrument. The intention of.the testator is to be gathered from the entire will, and the codicil is no revocation of the will, further than it is expressed. Westcott vs. Cody, 5 I. C. R. 343.
It is also clear that the codicil in the present will entirely revokes and annuls the gift made by the testator to his daughter Harriet, in the fourth clause of the will. It is contended, therefore, for the defendants, that the case is the same as if the name of Harriet had never been inserted in the will; or, as if it had been erased and obliterated from it, and that it is “to be esteemed pro non scripto in the will. To support this position, Humphrey vs. Tayleur, Ambler 136, is relied upon. And so it is concluded, that the share of Harriet vests in the other five children, under the will.
But it seems to us that the position assumed by counsel cannot be maintained either upon principle or authority.
We may observe, that a legacy may fail to take effect, either by lapse or by partial revocation, or by'the gift being void, or by its being on contingency that does not happen, or for other sufficient cause; Humphrey vs. Tayleur, Ambler 138; *435 Cambridge vs. Rows, 8 Ves. 25; Shanly vs. Baker, 4 Ves. 732 ; Bird vs. Lefeure, 15 Ves. 509.
And where a legacy is given to several persons and it fail as to one, the interest failing to take effect will vest in the others, or fall into the residue, or remain undisposed of, according to the intention of the testator, as it shall appear in a proper construction of his will.
If the legacy be given in joint tenancy to several, and it fail as to one, the interest of that one will survive or go to the others.
But if it be given to them as tenants in common, and fail as to one, the interest of that one will not go to the others, but fall into the residue.
These are well settled rules of construction ; but they are subject, however, to exceptions — as where some other disposition is expressly made by the will, in case the first bequest should fail to take effect. Cheslyn vs. Cresswell, 6 Brown’s Par. Cases 1; Barber vs. Barber 3 Mylne & Craig 697 ; Nelson vs. Moore, 1 Ire. Eq. R. 31; Davers vs. Dewes, 3 P. Will. 40 ; 2 Will, on Ex. 1046, 1253 ; 1 Roper on Leg. 330.
If, however, a bequest to several be of the residue, and it fail as to part by reason of lapse, partial revocation or other cause before stated, such part cannot fall into the remaining residue, but will be undisposed of and go to the next of kin. Skrymsher vs. Northcote, 1 Swanst. 566; Page vs. Page, 2 P. Will. 489; 2 Roper on Leg. 487.
Now, to apply these principles to the present case : the legacy is to the six children, “ to be equally divided among them.” It is evident from the terms employed, that they take a several interest and are tenants in common of the legacy. The interest of Harriet being revoked, and being several in its nature, could not, therefore, survive' to the others. Nor can it fall to them as owners of the residue, because that could only happen in the case of a particular bequest. But here, the *436 bequest is of the residue itself, and there is no other residuary clause under which it can fall.
The share of Harriet is not, therefore, disposed of, nor is there anything in the will, whatever may be supposed without reference to the will, from which it can be inferred that the testator intended to dispose of it.
He intended that the six children should each have one sixth part of the residue of his estate, after paying the special legacies before given to others. He then revokes one of those legacies and makes no other disposition of that. He does not providé that the other five shall take it, or that the legacies he had given to them should be enlarged. Is it not reasonable to suppose, that if he had so intended he would have so provided ? Besides, it is difficult to see how the five children could have higher claims upon the bounty of the testator than his remaining child, the plaintiff in this suit.
Be that, however, as it may, it is very clear, that the share of Harriet is not disposed of by the will, and that it goes to the next of kin, as in case of intestacy.
We have considered this case only in reference to the personal estate. In the English law there is a well defined distinction between personal estate and real estate in respect to the application of the principles before stated. Jones vs. Mitchell, 1 Simons & Stewart 294; Cambridge vs. Rowse, 8 Ves. 25.
■ It is not material that we consider that distinction in the present case, nor to what extent it has been modified or broken down by our statute law on the subject of devises of real estate. For it is evident that the devise, like the bequest, being revoked, and no other disposition made, the land to the extent of the one part in six will descend to the heirs at law of the testator, as in case of intestacy.
The result is, that the plaintiff, who is one of the heirs and next oí kin of the deceased, is interested in that part of his *437 estate remaining undisposed of by the will, as before indicated.
The decree dismissing the bill will, therefore, be reversed, the demurrer disallowed, and the cause remanded for further proceeding.