No. 23,700.

RACHEL L. CORBETT et al., *Appellees and Cross-appellants*, v. JOHN H. SKAGGS, as Executor, etc., et al., *Cross-appellees* (WILLIAM R. KINCAID et al., *Appellants and Cross-appellees.*)

SYLLABUS BY THE COURT.

1. CONSTRUCTION OF WILL—*Bequests to Groups of Individuals—Death of Individual Members of Group Before Death of Testator—Descents and Distributions.* Although each of three subdivisions of a will began with the statement that the testator gave to the children of a deceased brother or sister the sum of $25,000, to be divided as specified, and this fact would indicate a purpose to treat the children of each group as a class rather than as individuals, it is held that by reason of other provisions of the will, and especially because of the name of each beneficiary and the amount allotted to him being stated, such amounts not being uniform among the members of any of the groups, the legacies are to be regarded as made to the beneficiaries as individuals and not as classes, and the death of one of them without issue before that of the testator did not cause his share to go to the other members of the group to which he belonged.

2. SAME. The share of a residuary legatee who dies (without issue) before the death of the testator goes to the surviving residuaries, in the absence of some special provision of the will showing a different purpose. The rule that such share shall be disposed of as in the case of intestacy is rejected as being in conflict with the established policy of the court to ascertain and give effect to the actual intention of the maker of the will. Even if that rule were adopted it would not be held applicable where, as in the present instance, the will expressly provides that a number of specific legatees (who would also be heirs) shall have no share in the residue of the estate.

3. SAME. The extension of the rule referred to so that it shall require lapsed specific legacies to persons who are also residuary legatees to be treated as property undisposed of by the will is likewise rejected and held not to be applicable in any event in the present case, upon the same grounds.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed June 10, 1922. Modified.

*W. W. Schwinn, E. J. Taggart, John Bradley,* all of Wellington, *Seward I. Field,* and *A. L. Orr,* both of Medicine Lodge, for the cross-appellees.

*J. G. Logan,* of Topeka, *W. S. McClintock,* and *A. L. Quant,* both of Kansas City, Mo., and *D. M. Anderson,* of Donora, Pa., for the cross-appellants.

The opinion of the court was delivered by

MASON, J.: This is an action to obtain a construction of the will of Samuel S. Kincaid. Two nieces to whom specific legacies were bequeathed, and who were also named among the seven residuary legatees, died without issue before the testator, and the questions involved are as to the proper disposition of the shares of the estate which would have gone to them if they had survived him. The trial court decided (1) that the amount of their specific legacies should be paid in equal parts to their sister and two brothers (who are the plaintiffs herein) on the theory that what they were to receive from this source was intended as a part of a gift to a class composed of the two brothers and the three sisters; and (2) that what they would have received as residuary legatees should be distributed among the other residuary-legatees named in the will in the same proportion as the general residue. One other legatee died before the testator, but he was survived by four children who take his share by representation (Gen. Stat. 1915, § 11811), and for simplicity of statement the matter will be discussed as though he were still alive.

The plaintiffs, as already indicated, are the two brothers and the sister of the legatees who died. They appeal from the second part of the decision and contend that the shares these two would have received as residuary legatees (including their specific legacies if the trial court shall be held to have erred in awarding this part of the estate to the plaintiffs) should be distributed as though Samuel S. Kincaid had died intestate. The defendants are the residuary legatees other than the two who died. They appeal from the first part of the decision and contend that they are entitled to all the property that would have gone to the two legatees who died, if they had lived.

The testator left neither wife nor children. Aside from a number of minor specific legacies which do not affect the matter in controversy he left his whole estate to the three living children of a dead brother, James O. Kincaid, one of whose children also had died before the execution of the will, leaving a number of children for whom no provision was made; to the two children of his dead

sister Sarah Bell; and to the five children of his dead sister, Rachel Rinehart. The provisions with reference to these nephews and nieces were contained in three subdivisions, designated as the fifth, sixth and seventh, each relating to one of the three groups and introduced by the words: "I give and bequeath to the [now living, in one instance] children of my [brother in one instance, sister in the others, the name being given in each case] twenty-five thousand dollars, to be divided among them as follows: ⋅ . ." The names of the individual beneficiaries were given and in none of the three groups were the shares, into which the $25,000 was divided, equal. The two subdivisions of the will which require interpretation read:

"Sixth. I give and bequeath to the children of my sister Rachel Rinehart Twenty-Five Thousand Dollars to be divided as follows:

"Benjamin K. Rinehart, of Castle Rock, Montana, is to have Twenty-Five Hundred Dollars ($2500) absolutely. But he is to have no share in the residue and remainder of my estate.

"Winfield Rinehart, of ————, Colorado, is to have Twenty-Five Hundred ($2500) Dollars absolutely, but he is to have no share in the residue and remainder of my estate.

"Mattie Rinehart, of Tucson, Arizona, is to have Sixty-Five Hundred Dollars ($6500) absolutely.

"Frances Rinehart of Tucson, Arizona, is to have Sixty-Five Hundred Dollars ($6500) absolutely. It is further my will that if this legatee (who is now far gone with consumption) should die before my estate is distributed, that this Sixty-Five Hundred Dollars ($6500) be added to the share of her sister Mattie Rinehart to compensate her for the years of nursing and care she has bestowed on her sister during her sickness.

"Rachel L. (commonly called Dolly) Corbett of ————, Kentucky, is to have Seven Thousand Dollars ($7000) absolutely, but is to have no share in the residue and remainder of my estate."

"Ninth. I give and bequeath all the rest, residue and remainder of my estate wheresoever the same may be situated to William R. Kincaid, Minnie O. Freemyer, Thomas F. Kincaid, Thomas K. Bell, Mrs. M. E. Morse, Mattie Rinehart and Frances Rinehart, the same to be divided among them in the same proportion as their former bequests bear to the whole sum bequeathed them. Sixty-Three Thousand Dollars ($63,000)."

1. The ordinary situation in which a legacy or devise is regarded as made to a class rather than to the individuals composing it (a consequence being that on the death of one member before the testator his share goes to the other members and not to the residuary legatees or heirs) arises where a gift is made to a group of an uncertain number, the amount each is to receive not being determined. But even if the beneficiaries are named they may be treated as a class, if an intention to that effect is otherwise shown. (40 Cyc.

1473; 28 R. C. L. 260-267.)   The tests are discussed and illustrative cases collected in a note in L. R. A. 1918B, 234.   The effort of the court is of course to arrive at the probable intention of the testator from a consideration of all parts of the will.   Here the beneficiaries are definitely ascertained and named, so that they are to be treated as individuals unless a different purpose is affirmatively shown elsewhere in the instrument.   The fact that the testator begins the subdivision relating to each group by stating that he gives twenty-five thousand dollars ·to the children of his dead brother or sister tends to show a collective treatment.   But in our judgment this is overcome by the circumstances that the legatees are not only individually named, the amount each is to receive being stated, but are apportioned different · sums, indicating a plan not to treat them equally or merely as members of a group, but in accordance with what .was regarded as appropriate in the case of each one considered individually.   This view we think finds further support in these· additional provisions indicating a different treatment of the members of each group:  In the case of the three children of James O. Kincaid two were to receive only the income of the $10,000 allotted to them, the principal at his death to go to their children, while the third was given $5,000 outright.   In the case of the two children of Sarah Bell, the share of the daughter ($10,000) was to be invested by trustees for her benefit and if she died without issue the principal was to go to the son, to whom $15,000 was given outright.   In the case of the five children of Rachel Rinehart three were explicitly cut off from any share in the residue and remainder of the estate, while the other two were named as residuary legatees and provision was made that if one of them died before the estate was distributed her share should go to the other, although the fact that both died before the testator deprived this provision of practical effect.

2. A lapsed legacy ordinarily falls into the residue and inures to the benefit of the residuary legatees:  It is a rule of the English common law, however, which has met with considerable acceptance in this country, that on the death before the testator of one of several residuary legatees (who do not take jointly or as members of a class) his share goes, not to the others, but to whoever would have inherited the property in case no will had been made.  (40 Cyc, 1952, note 59; 28 R. C. L. 338, 339, notes 1 and 2; note, 44 L. R. A., n. s., 811-813.)   In one state the court has held to the contrary, but without discussing the cases by which the rule is supported.   (*Gray*

*v. Bailey,* 42 Ind. 349; *Holbrook v. McClearey,* 79 Ind. 167; *West et al. v. West et al.,* 89 Ind. 529; see, also, *Mann v. Hyde,* 71 Mich. 278.) In two states the rule has been abrogated by statute. (*Woodward v. Congdon,* 34 R. I. 316, 323; *In re Jackson,* 28 Pa. Dist. 943.) Some cases cited in support of the rule are affected by distinctions between lapsed legacies and lapsed devises and some by a failure to make a distinction between a legacy which lapses because of death, which the testator may be regarded as having anticipated, and one which cannot be given effect because void in itself, a condition he can hardly be deemed to have taken into account. The rule has been severely criticised even by judges and text-writers who have felt constrained to follow it. (See, note in 31 Yale Law Journal, 782; also Waln's Estate, 156 Pa. St. 194; *Prison Ass'n v. Russell's Admr.,* 103 Va. 563; 2 Jarman on Wills [Sweet's 6th ed.], 1056-1058.) The grounds of such criticism are indicated in these excerpts:

". . . it was held in *Skrymsher v. Northcote,* 1 Swanst. 566, [1818] that a lapsed portion of a residuary bequest went to the next of kin, and not to the other residuary legatees, on the ground that the latter were given specific portions of the residuum, and could not take more by the intent of the will, and receiving the bequest in common and not jointly, there could be no increase by survivorship. The rule thus established does not commend itself to sound reasoning, and is a sacrifice of the settled presumption that a testator does not mean to die intestate as to any portion of his estate, and also of his plain actual intent, shown in the appointment of general residuary legatees, that his next of kin shall not participate in the distribution at all. The rule is in fact a concession to the set policy of English law, nowhere more severely asserted than in chancery, to keep the devolution of property in the regular channels, to the heir and next of kin, whenever it can be done. If the question were new in this state, speaking for myself I should not hesitate to reject the English rule as wrong in principle and subversive of the great canon of construction, the carrying out of the intent of the testator." (Gray's Estate, 147 Pa. St. 67, 74.)

"The English rule, as we said in Gray's Estate, 147 Pa. St. 67, does not commend itself to sound reasoning, or to the preservation of the testator's actual intent; but we found it recognized and accepted in our own cases before these particulars in its application arose, and we felt ourselves bound by it." (Waln's Estate, 156 Pa. St. 194, 197.)

"There is a well-known rule that where residue is given to tenants in common, and one of the tenants in common dies in the testator's lifetime, the lapsed share does not go as an accretion to the gift to the other tenants in common, but it is held that there is an intestacy and the share goes amongst the next of kin. That is, there can be no residue of a residue. The arguments by which this rule was arrived at are perfectly intelligible and, one may say,

plausible. Nevertheless I think that the effect of it is to defeat the testator's intention in almost every case in which it is applied; but it is a rule by which I am undoubtedly bound." (*In re Dunster* [1909], 1 Ch. 103, 105.)

In *Aitken v. Sharp,* [N. J. Eq.] 115 Atl. 912, the rule was recognized as binding upon the court by reason of prior decisions, but was held not to be applicable in the case there under consideration because in describing the property disposed of by the residuary clause the phrase was inserted: "including lapsed legacies." Such a phrase has been said to be superfluous, inasmuch as lapsed legacies ordinarily fall into the residue. (*Nickerson v. Bragg,* 21 R. I. 296.) It might readily be interpreted as amounting merely to an express declaration by the testator that his meaning is just what the law would presume him to mean were the phrase omitted. In the opinion in the New Jersey case, however, it was said:

"Neither the industry of counsel nor my own examination have discovered any case in this state which decides that, where a testator, either by express words or plain implication, provides that gifts of the residue shall not lapse, but shall sink into or continue therein, the testator shall be regarded as dying intestate as to such gifts. I feel, therefore, at liberty to give effect to the intent of the testator regardless of the earlier English decisions above referred to. Taking the entire will into consideration, it is quite plain that the testatrix did not intend to die intestate as to any portion of her property. She anticipated that some of her beneficiaries might die in her lifetime, and made provision for such event, and therefore in the third paragraph she not only gave to her residuary devisees and legatees all the rest, residue, and remainder of her estate, both real and personal, in certain proportions, but she expressly provided that such residue should include lapsed legacies." (p. 915.)

This court has not heretofore had occasion to decide whether to follow the rule requiring the lapsed share of one of several residuary legatees to be treated as property undisposed of by the will. We might now avoid deciding that question by holding—as we think the facts justify—that in any event there are special features of the will under consideration which would require a decision in favor of the surviving residuary legatees. One of them is the circumstance that the residue of the estate is larger than the part disposed of by specific legacies, which gives added force to the presumption that the testator refrained from giving all his property to the residuaries only for the sake of the particular legatees. More important, however, is this consideration: Of the ten nieces and nephews to whom specific legacies were given, seven were also made residuary legatees. In the case of each of the other three the language relating to the

25—111 KAN.

specific legacy was followed by the express statement that the legatee "is to have no share in the residue and remainder of my estate." Although this provision might be open to interpretation as a mere express statement of what would be implied without it, we regard it as showing affirmatively that the testator did not wish the three legatees referred to to receive more than the specific amount allotted to them. And from his expressly indicating that these three were to receive nothing from the residue it may be inferred that it was not his purpose that any unnamed heirs should be more favored in this regard. But while in our view these specific provisions of the will plainly show the testator intended that the three legatees who were not included among the residuaries should receive no more of his estate than the sums specifically set apart to them, we think if these provisions had been omitted the same purpose would have been sufficiently clear. We prefer to rest our decision upon the general principle rather than upon exceptional features of the particular case.

We regard the rule that lapsed shares of deceased residuary legatees shall be treated as intestate property as in direct conflict with the one to which this court is definitely committed—that the actual purpose of the testator, so far as it can be ascertained, must be given effect. The presumption against intestacy of any part of the estate is a means of carrying out this policy which is disregarded by taking lapsed legacies out of the residue for the benefit of those who would inherit from the decedent in the absence of a will. The reasons for allowing lapsed specific legacies to fall into the residue apply with equal force in favor of allowing all the residue to go to the surviving residuary legatees in the case of the death of one of them, instead of turning over a part of it to persons for whom other provision had been made, or who had not been referred to in the will at all. The statement sometimes made in support of the latter practice—that the share of a deceased residuary legatee cannot fall into the residue because it is itself a part of the residue—appears rather to play upon words than to point out any real difficulty. The result of these views is the approval of the ruling of the court distributing the residue of the estate among the residuary legatees who survived the testator.

3. It remains to determine the disposal of the amounts of the specific legacies to the nieces who died before the testator. The plaintiffs contend that if this money is not to be paid to them as

Corbett v. Skaggs.

being a part of a gift to a class of which they are members, then
it should be treated as undisposed of property and descend accord-
ing to the statute in case of intestacy. In support of this contention
they invoke a rule which has been adopted by some state courts
under which, where one to whom a specific legacy is given, and
who is also a residuary legatee, dies before the testator without
issue, the specific legacy as well as the share of the residue goes
to the heirs. (40 Cyc. 1948, note 42, second paragraph from end;
28 R. C. L. 339, note 3; note, 44 L. R. A., n. s., 814; 1 Schouler on
Wills, etc., 5th ed., § 519, note 7.) This rule is but an extension or
special application of that already discussed and must fall with it.
It appears to have originated in *Craighead v. Given* (Pa.), 10 S.
& R. 351. Of the only two cases there cited (which were said to be
directly in point) one arose upon the death of two of the four
persons to whom the entire personal estate was given and the other
upon the death of a residuary legatee to whom no specific bequest
had been made. In the opinion it was said: "That the disposition
of the residue contemplated a residue arising from the death of
anyone, is inconsistent with the division of it among all the legatees.
To bequeath to Eliza Semple [to whom a specific sum was left and
who was also one of several residuary legatees] a portion of a
residue happening in consequence of her own death, is a construc-
tion which can never be supported; yet such would be the fact if
this be the just construction." (p. 354.) We regard the reasoning
as artificial—the making of verbal difficulties. The reduction of
the number of those who are to share the residue does not affect
the force of the grounds upon which a lapsed legacy is held to fall
into it instead of becoming intestate property. However, if the
rule that lapsed portions of the residuary legacy go to the heirs
should not only be accepted but also extended so as to apply as
well to lapsed specific legacies to persons who are also residuary
legatees, we think the special provisions of the will under con-
sideration already referred to are sufficient to take the case out of
the extension to the rule as well as the rule itself. The lapsed
legacies, both specific and residuary, should therefore be distributed
among the surviving residuary legatees in the proportion indicated
in the will.

The cause is remanded with directions to modify the judgment
in accordance herewith. The costs of the appeal as well as of the
case in the district court may properly be regarded as a part of
the expense of administration, and will be taxed against the execu-
tor, to be paid from the assets of the estate.