# MRS. MARGARET M. DAVIS v. JOHN W. ANTHONY et al.

# JOHN W. ANTHONY et al. v. SAMANTHA EVERETT et al.—384 S.W.(2d) 60.

Eastern Section. July 10, 1964.

Certiorari Denied by Supreme Court October 5, 1964.

Crawford & Crawford, Maryville, and Harcourt Bull, Jr., Atlantic Beach, Fla., for appellants Charles M. and Thomas E. Anderson.

Hugh E. Delozier and Rom Meares, Maryville, for appellants John W. Anthony and others, executors.

Hodges, Doughty & Carson, Knoxville, and Goddard & Gamble, Maryville, for appellee Mrs. Margaret M. Davis.

McAMIS, P J. This case involves the construction of the separate wills of M. L. Tipton and his wife, Helen A. Tipton, both of whom died when their private plane

crashed November 2, 1962. The wills, both dated May 25, 1961, were duly probated in common form.

Mrs. Margaret M. Davis, a legatee under the will of M. L. Tipton, filed her original bill on January 18, 1963, seeking a construction of both wills and declaratory judgment settling the rights of all parties. On January 21, 1963, John W. Anthony and K. G. Sherrod, the named executors under both wills, filed their original bill also seeking a declaratory decree. The two cases were later consolidated and tried as one suit.

Both M. L. Tipton and Helen A. Tipton left very substantial estates. Neither had any living descendants. Each devised to the other fifty per cent of their respective estates, the remaining fifty per cent, after payment of inheritance and estate taxes, to go to numerous designated legatees.

It is conceded that the testator and testatrix met death in a common disaster and died simultaneously, with the result that, under the Simultaneous Death Statute, T.C.A. sec. 31-501 et seq., the gift of each to the other lapsed. The principal question is whether the property which would otherwise have gone under the wills to the respective spouses passed under the wills to the legatees or passed to the heirs at law under the laws of descent and distribution.

The form and purport of the two wills are in substance and effect identical, the only material difference being the names of the legatees. We quote the pertinent portions of the will of M. L. Tipton:

"FIRST: I hereby nominate and appoint John W. Anthony. K. G. Sherrod, and my wife, Helen A. Tipton, as executors and excuse them from giving bond and from

making any report or settlement with any court or other authority.

"SECOND: I direct that all my lawful debts and funeral expenses be paid as soon as convenient after my death.

"THIRD: To my wife, Helen A. Tipton, I hereby will, devise, and bequeath fifty percent of all the rest, residue and remainder of my estate, both real and personal, of whatsoever kind or wheresoever situated, and I specifically give to her the right to select the items that are to constitute her one-half of my entire estate after values have been fixed. The one-half interest which goes to her is to be free of any Federal estate taxes.

"The remaining fifty percent of my estate, after payment of inheritance and estate taxes, I hereby will, devise and bequeath to the following persons, each to receive the percentage of the remainder of my estate as set forth below:"

The Chancellor held, despite the fact that under the second paragraph of Section Three above copied only fifty percent of the estate was to go to the legatees, the devise of the other fifty percent having lapsed by reason of the simultaneous deaths of Mr. and Mrs. Tipton, the legatees were entitled to the entire estates in the percentages fixed by the respective wills. The executors and certain heirs at law and legatees have appealed.

■ ■ The Chancellor's decree is based upon his conclusion that the second paragraph of Section Three is residuary in its effect and that, the presumption being against partial intestacy and in favor of complete testacy, the court should place such construction upon the wills as would embrace all of the estates and hold that nothing

passed by operation of law. We think this is the correct view.

The makers of these two wills had two primary purposes in mind. The first was to provide for their respective spouses and the second to secure the tax advantage of making full use of the marital deduction. After these purposes had been accomplished they sought to divide the remainder of their estates principally among their relatives, though not in the proportions they would have taken under the laws of descent and distribution.

Both wills were drawn by Mr. Tipton who was an experienced and capable business man conversant with tax matters but not a lawyer. Not being a lawyer he failed to provide for the contingency of simultaneous deaths of himself and his wife. Not having considered that possibility and having given fifty percent of his estate to his wife, it is natural for him to refer to the portions going to the other beneficiaries as fifty percent, although immediately after referring to their interest as "the remaining fifty percent" the wills provide: "each to receive the percentages of the remainder of my estate as set forth below".

Except for the use of the term "fifty percent" the bequests without question would be true residuary clauses. Placing ourselves as nearly as possible in the position of Mr. Tipton when he wrote the wills, we think it is clear, under all the circumstances, that the term "fifty percent" standing alone can not justify a holding that this clause of the will is not to be classed as residuary.

■ Where the will to be construed was drafted by the testator himself who was not versed in the law and

without legal assistance the court in arriving at the intention of the testator should construe the language of the will with liberality to effectuate what appears to be the testamentary purpose. Garner v. Becton, et al, 187 Tenn. 34, 212 S.W.(2d) 890; Webb v. Webb, Knox Law, this day decided.

Another rule to be kept in mind is that it is to be presumed that a person making a will does not intend to die intestate as to any part of his property and the courts will place such a construction upon the will as to embrace all the testator's property, if the words used, by any fair interpretation, will embrace it. Ledbetter v. Ledbetter, 188 Tenn. 44, 216 S.W.(2d) 718; Weis v. Broadway Nat. Bank, 204 Tenn. 563, 322 S.W.(2d) 427; Treanor v. Treanor, 25 Tenn. App. 133, 152 S.W.(2d) 1038; Boulton v. Cochran, 41 Tenn.App. 43, 292 S.W.(2d) 511; Pritchard, Wills and Estates, Phillips, Section 386.

The rule has a peculiar application in construing and determining the effect of a residuary clause with respect to lapsed legacies.

"The general rule that such a construction of a will should be adopted as will avoid a partial intestacy is applicable in determining the effect of a residuary clause to pass lapsed or uneffectual gifts, and consequently, where the intent of the testator to make a complete disposition of all his property is manifest throughout his will, this is strongly indicative of an intention that the residuary clause was intended to include any such gifts. The view has been expressed that it is not necessary in order to give effect to the operation of a residuary clause upon lapsed or void gifts that the testator should have foreseen precisely how his will would operate." 57 Am. Jur. 973.

■ Where a clause in the will is properly to be construed as residuary, unless a contrary intention appears, it is dispositive of lapsed or void legacies, this being upon the presumption that the testator did not intend to die intestate as to any part of his property. Milligan v. Greenville College, 156 Tenn. 495, 2 S.W.(2d) 90; Pritchard, Section 458.

" 'The presumption is that the testator did not intend to die intestate as to any portion of his property when he undertook to make a complete will, and excepts the special legacy out of the residuum only for the benefit of the legatee. The law, consequently, requires the use of words clearly limiting the gift of the residue, and showing in express terms an intention to exclude such portions of his estate as may fail to pass under previous clauses of the will, in order to take it out of the general rule above stated: King v. Woodhull, 3 Edw., 79.' " Travis, et al v. Randolph et al., 172 Tenn. 396, 400, 401, 112 S.W.(2d) 835, 836.

The case of Ford v. Ford et al 31 Tenn. 431, relied upon by counsel for appellants, is not to the contrary. As pointed out in the opinion, p. 435, the bequest which was revoked by codicil was a share in the residue and passed as intestate property. A different view prevails where the bequest which fails is a part of the residue. See authorities hereinafter cited. Other cases cited by counsel for appellants have been considered but found inapposite.

■ Counsel for appellants argue that all of the third section of the wills including the gift of 50% to the spouses constitutes the residuary clause. We do not think the gift of the first 50% can be so classified. The use of the term "all the rest, residue and remainder of my

estate'' merely refers to what would be left after payment of debts and funeral expenses. Nothing had been disposed of in the preceding part of the wills. All that had been done was to appoint executors and provide for the payment of debts. In connection with the gift of the first fifty percent the beneficiary was given the right of selection from the assets of the estate and was expressly relieved of federal estate taxes.

We think the Chancellor correctly construed the second paragraph of Section Three as residuary and, under the well settled rules of construction above discussed, was correct in holding that the lapsed legacies passed under the second paragraph of the Third Section of each of the wills.

Since the gifts which passed under that paragraph are not relieved of the payment of inheritance and estate taxes each of these gifts remains subject to these taxes in the proportion in which such beneficiaries share in the estate under the Chancellor's construction in which we concur.

It is conceded, however, that the decree must be modified in the following respect:

The M. L. Tipton will named as one of the beneficiaries under the second paragraph of section Three his brother Dock H. Tipton. The gift to Dock H. Tipton having lapsed by reason of his death prior to that of M. L. Tipton, the decree of the Chancellor provides that his share should be added to that of the other residuary beneficiaries. The rule is, as counsel now concede, where the gift which fails of consummation is within the terms of the residuary clause, in the absence of statute or some other provision of the will, it can not be divided among

the other residuary beneficiaries but goes to the heirs at law of the testator. Ford v. Ford (supra) 31 Tenn. 431; 57 Am.Jur. 977, Wills, Sec. 1453; Page on Wills, Section 5018.

Except as so modified, the decree is in all respects affirmed and the cause remanded generally. Since a construction of the wills was clearly necessary costs of appeal will be paid out of the estate. Other costs will be adjudged by the Chancellor on the remand.

Cooper and Parrott, JJ., concur.