## In re John T. Slack Trust

[ 220 A.2d 472 ]

April Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 7, 1966

*Fitts and Olson* and *Melville Chapin* for Trustee.

*John Parker* for the estate of one of the residuary remaindermen.

*R. Lawlor Cooper* and *Thomas M. Quigley* for the sons of a deceased residuary remainderman.

*Black & Plante* for residuary remaindermen and legal representatives of deceased residuary remaindermen as a class under the will of testator.

*Palmer D. Ainsworth* and *Christopher A. Webber* for estate of testator's widow.

*Louis G. Whitcomb* for legal heirs of testator.

**Barney, J.** A residuary legatee predeceased the testator, John T. Slack, without issue. On distribution of the estate the share of the deceased residuary legatee, Ruth Merritt Waite, was decreed to the remaining residuary legatees, or their representatives or estates, as part of the residue of the estate. The widow and certain heirs challenged this distribution, asserting that a lapsed residual legacy should pass as intestate property.

Almost every jurisdiction that has dealt with the problem has announced its allegiance to the rule declaring that a lapsed legacy of part of the residue shall pass as intestate property. Other than its large numerical following, this rule admittedly has little to recommend it. Indeed, some of the more devastating criticisms of the rule have come from courts who declare "stare decisis" to be their only ground for following it. *Wright* v. *Wright*, 225 N.Y. 329, 122 N.E. 213; *Gray's Estate*, 147 Pa. 67, 23 Atl. 205; *In re Dunster* (1909) 1 Ch. 103. In *Oliver* v. *Wells*, 254 N.Y. 451, 457-8, 173 N.E. 676, Justice Cardozo characterized it in the following language:

> "There is indeed a technical rule, reluctantly enforced by courts when tokens are not at hand to suggest an opposite intention, that a gift of a 'residue of a residue' is not to be augmented by the lapse of another gift out of the general residuum."

In the *Oliver* case he goes on to find such a "token" in a clause in the will which states: "This clause to be contrued and considered as the residuary clause of this my last will and testament." He then states, "The intention is thus manifest that the gift shall be a dragnet that will cover every interest not effectively disposed of otherwise." To Justice Cardozo an intention to die fully testate was apparent and was to be implemented. See *Waln's Estate*, 156 Pa. 194, 197, 27 Atl.

59; *Aitken* v. *Sharp*, 93 N.J. Eq. 336, 115 Atl. 912, stands for the proposition that the slightest expression of intent by the testator will take a case out of the rule. Residuary clauses will be liberally construed to avoid the rule. *Re Baumann's Will*, 97 N.Y.S. 2d 478. *In re Dunster, supra*, (1909) 1 Ch. 103, suggests that the rule defeats the testator's intent in almost every case in which it is applied. As might be expected, the rule has been generally criticized in law reviews and treatises. 6 Bowe-Parker: Page on Wills 98-9, §50.18; 36 Harvard Law Review 230; 21 Michigan Law Review 485; 31 Yale Law Journal 782; 55 Michigan Law Review 1202.

The comment in 57 Am. Jur. Wills §1453, p. 977, seems altogether justified:

> "The principle has evoked considerable dissatisfaction, even among those courts which recognize and follow it, and in a few jurisdictions it has been changed by statute."

Representative statutory changes are Illinois Revised Statutes (1955), Chapter 3, §200; New Jersey Statutes Annotated (1953), §3A, 3-14; Ohio Revised Code (Baldwin 1953), §2107.52; Pennsylvania Statutes Annotated (Purdon 1950) Title 20, §25.

The policy supporting the rule is not easy to determine. It is of English common law origin and possibly in part represents a vestige of the distinction between devises of real estate and bequests of personalty. It is said that, without this rule, a lapsed residuary legacy passed back into the residue would tend to increase the size of the share of the remaining residual legatees, and, in an extreme case, could give all the residue to one. *Skrymaber* v. *Northcote*, 1 Swans. 566, 36 Eng. Rep. 507. How this is substantially different from increasing the share by allowing lapsed specific bequests to pass under the residuary clause is difficult to see. Yet, this is an accepted rule. *In re Boyle's Estate*, 121 Colo. 599, 221 P.2d 357, 36 A.L.R. 2d 1106; 6 Bowe-Parker: Page on Wills 94-5, §50.16. And to say that because a lapsed legacy is already in the residue it cannot "fall into" the residue but must "fall out" of the will is confusing simile for substance. *Corbett* v. *Skaggs*, 111 Kan. 380, 207 P. 819, 28 A.L.R. 1230, characterized it as a "play upon words" in rejecting the rule.

Justice Kingsley Taft, now Chief Justice of Ohio, in an opinion in *Commerce National Bank of Toledo* v. *Browning*, 158 Ohio St.

54, 63-4, 107 N.E. 2d 120, carefully examined the rule and rejected it for Ohio. By analysis, he exposed the fallacy in its assumption that the residual shares could not be augmented by a lapsed residual share without violating the plan of the will. He then commented:

"To say that the testator did not intend to dispose of the whole of the residue is to disregard what the testator has said in his will, and results in taking part of the residue from those to whom he said it should go and giving it to others to whom he did not say it should go."

His opinion, like that in the *Corbett* case, adopted the contrary position that a lapsed or otherwise ineffectual residuary gift should pass as part of the residue to the remaining residuary legatees, just as any other lapsed legacy would. See also *Schroeder* v. *Benz,* 9 Ill. 2d 589, 138 N.E. 2d 496, 498-9.

This approach is supported by a cardinal principle reiterated in our own cases that intestacy will not be presumed. *In re Harris Estate,* 120 Vt. 399, 407, 141 A.2d 653. The majority rule overrides this major consideration. As a consequence, courts that operate under this rule constantly strain to supply exceptions in order that its application will be unnecessary. This certainly suggests that, as a rule, it is founded on a very shaky premise. It seems far sounder to operate under a rule which is acceptable according to its terms, rather than its exceptions. This is the approach well stated in *Corbett* v. *Skaggs, supra,* and we adopt the rule of that case.

It should be borne in mind that this is a rule of construction only, adopted because it appears to comport most closely with the presumed intent of the testator in the usual case. It is at all times subject to contrary expressions of intent in the instrument by a testator. Nor can it be elevated to a rule that, by itself, supplies or repairs defects and omissions in a will by rewriting it according to some assumed intent. *In re Lull,* 120 Vt. 195, 199, 138 A.2d 615.

▆ In this case, it begs the question to say that it was an omission to fail to provide specifically for the lapse of a residuary legacy, since to characterize it as an omission presumes it would otherwise pass by intestacy. Until this case, this court had not ruled on the issue and we do not find anything in *Colburn* v. *Hadley,* 46 Vt. 71, that suggests the issue had been there determined. However, by this

case, we do now adopt the rule that lapsed residuary legacies become part of the residue and pass with the balance of it, being content to let a general residuary clause perform its "dragnet" function unless a contrary disposition is demonstrably applicable, which is not this case.

In fact, not only is there no contrary intent on the part of this testator discoverable, but the presumption against intestacy is reinforced by the provisions of his will. One provision specifically excludes a particular relative who would be entitled to take under intestate succession, and the language establishing the trust of the residue broadly defines it as "all the residue of my estate of every kind and nature." Although such "tokens" are unnecessary to the application of the rule as we adopt it, they confirm the presumption that here, as in the usual case, this rule in fact truly carries out the testator's intent.

Since the adoption of this rule fully confirms the judgment and decree rendered below, other questions need not be considered.

*Judgment affirmed. Let the result be certified.*