464

James G. Williamson et al., Appellants,

*v.*

Mattie M. Brownlow et al., Appellees.

410 S.W.2d 878.

(*Nashville,* December Term, 1966.)

Opinion filed January 13, 1967.

GOODPASTURE, CARPENTER, WOODS & COURTNEY, Nashville, for appellants.

TOMLINSON & DALE, Columbia, for appellees Mattie M. Brownlow and The Hartford Accident & Indemnity Co.

J. SHELBY COFFEY, JR., Columbia, for appellee, The Church Home.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Chancery Court of Maury County, Tennessee.

On January 27, 1966, the complainants below, appellants here, filed their original bill. That original bill alleged that the complainants were the sole heirs at law and next of kin of one Mary Williamson Smiser, whose will was probated on September 14, 1933, in the County Court of Maury County, Tennessee. The allegations of the original bill present the contention that certain of the aforementioned Mrs. Smiser's property failed to pass under that will; and that complainants as her heirs at law, are entitled to the same. A copy of the will of Mrs. Smiser is made an exhibit to the original bill.

On February 14, 1966, appellees, The Church Home and Mattie M. Brownlow, Substitute Trustee, filed a demurrer to the bill. A similar demurrer was filed on behalf of The Hartford Accident & Indemnity Company on March 2, 1966. Both demurrers assert that it appears on the face of the original bill and exhibit thereto that under a proper construction of the will in question, The Church Home is clearly entitled to the property sought by the appellants.

The cause was heard on July 19, 1966, upon the original bill and the demurrers. The trial court sustained the demurrers and dismissed complainants' original bill. Appeal has been timely perfected to this Court.

The assignments of error in this Court are as follows:

"I. The Court erred in sustaining the demurrers to the original bill. This was error because the remainder interest after the life estate of Lottie Williamson

would, by the express language of the will, pass to 'The Church Home' only upon the contingency that Lottie G. die before Lucie W. Rader. This contingency did not occur, because Lottie G. survived Lucie W.. Radar by some twelve years.

II. The Court erred in sustaining the demurrers to the original bill upon the theory that Item Eight of the will was controlling. Item Eight merely provides that after Lottie's death any unconsumed portion is to go as Item Tenth; and Item Tenth, as above stated, is operative only upon a contingency which never came to pass.''

At this point, a consideration of the determinative terms of the will here involved is appropriate. Mrs. Smiser's will, after certain specific bequests, left her entire residuary estate in trust for her husband, James A. Smiser, now deceased. Upon his death, one-half of the remainder of this estate was to go to Mrs. Smiser's sister, Lucie W. Rader, in fee; and the other half was to go to another sister, one Lottie G. Williamson, in trust, for and during her natural life. It is the disposition, upon the death of Lottie G. Williamson, of the one-half of the residuary estate left in trust during her natural life that poses the question that we have for determination. The appellants contend that the trust property passed to them outside the terms of the will, as intestate property. The will provides, in respect to this property, as follows:

*"Item Eighth.*

If both of my said two sisters are living at the date of the death of my said husband then the entire remaining corpus of said trust estate, after the payment of

468

any expenses of said trust and the expenditures for the monument and the sum of One Thousand Dollars provided for Lottie G. in Item Seventh above, shall be equally divided between my two said sisters, to-wit: Mrs. Lucie W. Rader and Lottie G. Williamson, the part going to the said Mrs. Lucie W. Rader to become hers absolutely in fee simple, but the part going to my sister Lottie G. Williamson shall continue to be held in trust by said Trustees for the use and benefit of the said Lottie G. for and during her natural life, and the rents and income and profits therefrom shall be paid by said trustees to said Lottie G. after first paying the taxes, insurance, up keep and necessary expenses. But if, at any time after my husband's death it should in the judgment of the said Trustees, become necessary for said Lottie G.'s support and maintenance to encroach upon the corpus of the portion then said Trustees may do so by a sale or otherwise of said property, to the full extent of said property as necessary. After said Lottie's death any unconsumed portion to go as set out in Item Tenth.''

*"Item Tenth.*

Should my sister Lottie G. die before the death of my sister Lucie W. Rader then any unconsumed corpus given to said Lottie G. in Item Eighth shall go to my sister Lucie W. Rader for and during her natural life and after her death I will and bequeath the same to said 'The Church Home' of Memphis, Tennessee, the same to be added to the endowment fund of said Church Home.''

█ It must be noted at this point that Lottie G. Williamson survived Lucie W. Rader. Therefore, the ques-

tion before this Court becomes whether or not Item Eighth and Item Tenth of Mrs. Smiser's will dispose of the trust property here involved, even if Mrs. Rader did not survive Lottie G. Williamson. It is the opinion of this Court that it does. What we are presented with on this record is almost, if not entirely, a classic case for the application of two firmly settled and salutary rules of will construction. The first is that when the will of the decedent reflects a dominant intent and purpose, it is the duty of the courts to effectuate that purpose and to construe subsidiary clauses in subordination to that purpose and intent. It is obvious from a consideration of the entire will of Mary Williamson Smiser that her dominant testamentary plan was (1) to provide for her surviving husband, during his life (2) to provide for her two sisters, one in fee and the other in trust for and during her natural life, and (3) that the trust property devised and bequeathed for the use and benefit of Lottie G. Williamson should ultimately go to The Church Home, of Memphis, Tennessee. See *Wilkerson v. Everett* (1948) 32 Tenn. App. 11, 221 S.W.2d 537, and *First American National Bank v. Cole* (1963) 211 Tenn. 213, 364 S.W.2d 875.

The second is that when a decedent dies testate, a strong presumption arises that he intended disposition of his entire estate; or, stated otherwise, he intended no partial intestacy.

The argument of appellant here is that under Item Tenth of the will, the remainder interest of The Church Home was conditional upon the death of the sister Lottie G. Williamson before the death of the sister Lucie W. Rader. In light of the applicable rules of will construc-

tion, this is simply not the case. The only condition erected by these clauses is upon the vesting of a successive life estate in the trust property in Lucie W. Rader, in the event she survived, Lottie G. Williamson. Reading Item Eighth and Item Tenth together, and with the whole will, we find nothing which militates against the testatrix' clear intention that the ultimate remainder interest vest in The Church Home.

It is the well settled law of this State that wills are construed so as to best effect the intent of the testator, insofar as the same does not conflict with some positive rule of law or public policy. See *Martin v. Hale* (1934) 167 Tenn. 438, 71 S.W.2d 211, *Treanor v. Treanor* (1941) 25 Tenn. App. 133, 152 S.W.2d 1038, and *Weiss v. Broadway National Bank* (1959) 204 Tenn. 563, 322 S.W. 2d 427. It is equally fixed in the jurisprudence of this State that it will be presumed that one who undertakes to make a will does not intend to die intestate as to any of his property; and, if possible, courts will construe a will so that it disposes of all the testator's property if such can be done by any fair interpretation or allowable implications from the words used. See *Ledbetter v. Ledbetter* (1949) 188 Tenn. 44, 216 S.W.2d 718; *Martin v. Hale,* supra, and *Weiss v. Broadway National Bank,* supra. With these rules of construction in mind, this Court is of the opinion that the language used in Item Eighth and Item Tenth of the will can only fairly be construed to mean that if Lottie G. Williamson was survived by Mrs. Lucie W. Rader, Mrs. Rader was to take a life estate in the trust property, with the remainder to go to The Church Home; but if Mrs. Rader did not survive Lottie G. Williamson, any unconsumed corpus of the property left in trust to Lottie G. Williamson was to

go directly to The Church Home, by accelerated remainder. We think this construction effectuates the testatrix' intent, prevents intestacy, and constitutes nothing other than a natural construction of the terms of the will as a whole.

■ It is contended by the appellants that the rule that an heir may not be disinherited except by express words or necessary implication prevails over the presumption against partial intestacy. The fallacy in this contention, if it had any application at all lies in the fact that the aforementioned rule applies to lineal, not collateral heirs. See *Boulton v. Cochran* (1954) 41 Tenn. App. 43, 292 S.W. 2d 511. It appears that the appellants here are the nieces and nephews of the testatrix. Thus, the rule relied upon could not appropriately be applied to them under the facts of this case.

The judgment of the trial court is affirmed, with costs of this appeal assessed against the appellants.

BURNETT, CHIEF JUSTICE, DYER and CHATTIN, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.