IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 3, 2005 Session

## IN RE ESTATE OF MERLE JEFFERS McFARLAND

**Appeal by permission from the Court of Appeals, Eastern Section
Chancery Court for Hawkins County
No. 3554     Hon. Thomas R. Frierson, II, Chancellor**

**No. E2003-01833-SC-R9-CV - Filed July 7, 2005**

FRANK F. DROWOTA, III, C.J., dissenting.

I respectfully dissent. The question in this case is whether, when a will includes a residuary clause with two or more beneficiaries, a lapsed residuary gift is to be distributed among surviving residuary beneficiaries or among the testator's intestate heirs. The majority reaffirms Ford v. Ford, 31 Tenn. 431, 435 (1852), which holds that a lapsed residuary gift passes via intestate succession. I would overrule Ford and hold that where the residue of a will is devised to two or more persons and the share of one fails, that share passes to the other residuary devisees in proportion to their residuary interests. See Unif. Probate Code § 2-606(b), 8 U.L.A. 427 (1998); see also Restatement (Third) of Property: Wills & Other Donative Transfers § 5.5 cmt. o (1999).[1] Consequently, in this case I would distribute the lapsed residuary gifts proportionally among the surviving residuary beneficiaries of the McFarland will rather than via the laws of intestate succession.

I would adopt the modern "remain in the residue" rule for the following reasons. First, I think that the modern rule would better approximate the average testator's likely intent. See Corbett v. Skaggs, 207 P. 819, 821 (Kan. 1922); In re Frolich Estate, 295 A.2d 448, 451–52 (N.H. 1972); In re Gray's Estate, 23 A. 205, 206 (Pa. 1892). To be sure, both the English "no residue of a residue" rule and the modern rule involve a certain degree of arbitrariness because each rule is designed to control distribution where a testator has failed to provide express direction. Yet in my view, given the lack of express direction, it is reasonable to presume that by choosing to make a will which includes a residuary clause, a testator would prefer lapsed residuary gifts to go to the remaining

---

[1]As stated by the majority in footnote 5, the modern "remain in the residue rule" has been adopted, mostly by statute, in an overwhelming majority of jurisdictions. At least four jurisdictions have adopted the modern rule via judicial decision. See, e.g., Corbett v. Skaggs, 207 P. 819, 822 (Kan. 1922); In re Frolich Estate, 295 A.2d 448, 452 (N.H. 1972); Commerce Nat'l Bank of Toledo v. Browning, 107 N.E.2d 120, 126 (Ohio 1952); In re Slack Trust, 220 A.2d 472, 474 (Vt. 1966).

named residuary beneficiaries rather than to intestate heirs.  As for this case, I think that slightly enlarging the shares of named residuary beneficiaries would more likely match the testatrix's intent than would distributing the lapsed shares to persons whom she potentially did not even include in her will.

After all, the very purpose of a residuary clause is to function as a dragnet for devising parts of a testator's estate not otherwise disposed of.  See Oliver v. Wells, 173 N.E. 676, 678 (N.Y. 1930) (describing a residuary clause as manifesting the intent that "the gift shall be a dragnet that will cover every interest not effectively disposed of otherwise").  In light of this purpose, in the absence of express direction, it is entirely sensible to gather up lapsed residuary gifts and fold them back into the shares of surviving residuary beneficiaries.  See Corbett, 207 P. at 822 ("The reasons for allowing lapsed specific legacies to fall into the residue apply with equal force in favor of allowing all the residue to go to the surviving residuary legatees in case of the death of one of them, instead of turning over a part of it to persons for whom other provision had been made, or who had not been referred to in the will at all.").

Second, by devising lapsed residuary gifts, the modern rule would thus closely comport with the established presumption against partial intestacy, which is itself aimed at reinforcing testamentary intent.  See Corbett, 207 P. at 822; see also In re Frolich Estate, 295 A.2d at 452; In re Slack Trust, 220 A.2d 472, 472–74 (Vt. 1966).  It is well settled in Tennessee that in construing wills, courts are to strive to ascertain and to effectuate the testator's intent, unless prohibited by law or public policy.  In re Estate of Vincent, 98 S.W.3d 146, 150 (Tenn. 2003); Williamson v. Brownlow, 410 S.W.2d 878, 880 (Tenn. 1967).  And as we explained in Williamson,

> [i]t is equally fixed in the jurisprudence of this State that it will be presumed that one who undertakes to make a will does not intend to die intestate as to any of his property; and, if possible, courts will construe a will so that it disposes of all the testator's property if such can be done by any fair interpretation or allowable implications from the words used.

410 S.W.2d at 880–81; see also In re Walker, 849 S.W.2d 766, 768 (Tenn. 1993).  A residuary clause only "strengthens the presumption that the testator intended his entire estate to pass by his will."  In re Frolich Estate, 295 A.2d at 452.  Moreover, in my view such a presumption is especially applicable to unskillfully drafted wills, such as the holograph in this case, which are to be liberally construed, see Garner v. Becton, 212 S.W.2d 890, 891 (Tenn. 1948).

Third, I do not think that overturning Ford by adopting the modern rule would violate the principles of stare decisis.  The recognition of the "no residue of a residue" rule in Ford, an 1852 decision, had never been reaffirmed by this Court.  Further, only a single reported Tennessee Court of Appeals decision has applied this holding of Ford.  See Davis v. Anthony, 384 S.W.2d 60, 63 (Tenn. Ct. App. 1964).  I firmly agree with the majority that "[i]t is our duty to observe the doctrine of stare decisis as one of commanding importance giving as it does firmness and stability to principles of law evidenced by judicial decisions."  Metro. Gov't of Nashville & Davidson County

v. Poe, 383 S.W.2d 265, 277 (Tenn. 1964). At the same time, however, the Court "should not close its doors to the changing conditions, but should so fashion its opinions that the new truly grows out of the old as the product of a changing environment." Id.

In conclusion, just as we have appropriately modernized other English common law doctrines in the area of wills and estates, I think it appropriate now to update our rule concerning the distribution of lapsed residuary gifts. According to In re Gray's Estate, the "no residue of a residue" rule reflects a "concession to the set policy of English law . . . to keep the devolution of property in the regular channels, to the heirs and the next of kin, whenever it can be done." 23 A. at 206. I would adopt the "remain in the residue" rule as more consonant with our modern conceptions of testamentary intent.

I am authorized to state that Justice Holder joins with me in this dissenting opinion.

 

 

_____

FRANK F. DROWOTA, III, CHIEF JUSTICE