IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 2, 2018

IN RE ESTATE OF JOE MARCE ABBOTT, DECEASED

**Appeal from the Chancery Court for Gibson County**
**No. RD #22375-P    George R. Ellis, Chancellor**

_____

**No. W2017-02316-COA-R3-CV**
_____

This case involves the last will and testament of the deceased, Joe Marce Abbott. Upon the death of the deceased, his daughter, Marce Harvey, filed a petition in the trial court seeking to probate the deceased's will. The validity of the will is not contested by any beneficiary or other person. The court, however, apparently acting *sua sponte*, held that the will failed to comply with Tenn. Code Ann. §§ 32-1-103 (2015), 32-1-104 (Supp. 2017), and 32-2-110 (Supp. 2017). As a consequence of this determination, the court rescinded its previously-entered order to probate because, as the court stated, the will "does not meet the requirement of the Laws of the State of Tennessee." The petitioner appeals. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which RICHARD H. DINKINS and KENNY W. ARMSTRONG, JJ., joined.

Harold R. Gunn, Gibson County, Tennessee, for the appellant, Marce Harvey.

No appearance by or on behalf of appellee Michael J. Harvey.

**OPINION**

**I.**

The putative will was executed on February 15, 2016. It is notarized and includes the signatures of the petitioner and the deceased's son, Michael J. Harvey. They are the

-1-

only named beneficiaries under the will. Ms. Harvey is named as the executor of the deceased's estate.

On February 28, 2016, the deceased died. On January 23, 2017, the deceased's daughter filed a petition to probate. On the same day, an order to probate was entered by the trial court. As previously indicated in this opinion, there is no indication in the record that the will is or has ever been contested.

After her father's death, petitioner settled a claim on his behalf against the United States Department of Veterans Affairs for $135,000. The settlement check was made payable to the estate but was addressed for mailing to the probate court. At a hearing on July 7, 2017, the court determined that petitioner would have to post a $135,000 bond before she could receive the proceeds from the check.[1] The deceased's son was present at the hearing, but his sibling, the petitioner, was not.

On July 20, 2017, petitioner moved to disqualify the probate judge. The matter was appealed to this Court, pursuant to Supreme Court Rule 10B, and we held, in an opinion released November 8, 2017, that the judge "was not required to recuse himself based on the evidence presented to the trial court or to this Court." We vacated the court's order filed October 4, 2017 regarding the validity of the will. The matter was remanded for further hearing regarding the validity of the will.

On November 17, 2017, a new order was entered by the court. The court rescinded its order to probate filed January 23, 2017, holding that the will at issue failed to comply with Tenn. Code Ann. §§ 32-1-103, 32-1-104, and 32-2-110. On November 27, 2017, petitioner filed this appeal.

## II.

Petitioner has presented the following issues for our review:

> Whether the will is invalidated because it is signed by interested witnesses.

---

[1] As to the settlement check:

> [i]t is [] fixed in the jurisprudence of this State that it will be presumed that one who undertakes to make a will does not intend to die intestate as to any of his property; and, if possible, courts will construe a will so that it disposes of all the testator's property if such can be done by any fair interpretation or allowable implications from the words used.

***Williamson v. Brownlow***, 219 Tenn. 464, 470, 410 S.W.2d 878, 880–81 (1967) (citations omitted). The court is to best effect the intent of the testator, "insofar as the same does not conflict with some positive rule of law or public policy." ***Id***.

Whether the will meets the requirements of Tenn. Code Ann. § 32-1-104.

Whether Tenn. Code Ann. § 32-2-110 applies absent the executrix's request for affidavits from the attesting witnesses.

Whether the Clerk and Master may open mail addressed to one other than her, but having the Clerk and Master's mailing address.

## III.

The issues before us pertain to matters of law. Hence, we review them with no presumption of correctness accorded to the trial court's judgment. ***Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC,*** 433 S.W.3d, 512 516-17 (Tenn. 2014) (citing ***Myers v. AMISUB (SFH), Inc.,*** 382 S.W.3d, 300, 307 (Tenn. 2012); ***Leach v. Taylor,*** 124 S.W.3d 87, 90 (Tenn. 2004)). This case involves statutory interpretations, which are also a matter of law. We also review such issues with no presumption of correctness:

> [T]his Court's primary duty is to ascertain and effectuate legislative intent without broadening a statute beyond its intended scope. In fulfilling this duty, we construe statutes in a reasonable manner which avoids statutory conflict and provides for harmonious operation of the laws. Our analysis always begins with the words the General Assembly has used in the statute. If the statutory language is clear and unambiguous, we apply its plain meaning, understood in its normal and accepted usage, without a forced interpretation. Where statutory language is ambiguous, we consider the overall statutory scheme, the legislative history, and other sources.

***Thurmond,*** 433 S.W.3d at 516-17 (internal citations and quotation marks omitted).

## IV.

The court's November 17, 2017 order stated that the will "violated T.C.A. 32-1-103 by not stating that the witnesses were competent." The trial court further commented that there "were two signatures of Marce Harvey and Michael J. Harvey. If they were witnesses they were 'interested' and [hence] there were not two 'disinterested' witnesses on the writing."

Tenn. Code Ann. § 32-1-103 states that:

> (a) Any person competent to be a witness generally in this state may act as attesting witness to a will.
> (b) No will is invalidated because attested by an interested witness, but any interested witness shall, unless the will is also attested by two (2) disinterested witnesses, forfeit so much of the provisions therein made for the interested witness as in the aggregate exceeds in value, as of the date of the testator's death, what the interested witness would have received had the testator died intestate.
> (c) No attesting witness is interested unless the will gives to the attesting witness some personal and beneficial interest.

Tenn. Code Ann. § 32-1-103. Upon review of the will, we find that it contains language stating that the witnesses were competent, "[w]e are of sound mind and proper age to witness a will and understand this to be his/her will…." While Tenn. Code Ann. § 32-1-103 discusses interested and disinterested witnesses, it clearly states that a will is not invalidated because it is attested to by an interested witness. Tenn. Code Ann. § 32-1-103(b).

There is another aspect of Tenn. Code Ann. § 32-1-103 that needs to be addressed. We focus on the language pertaining to the situation that occurs if an interested witness – in other words, a *single* interested witness – attests to a will that is "[not] attested to by two disinterested witnesses." That provision is simply not implicated here because *both* of the attesting witnesses are "interested." Stated another way, what is bad for one is bad for the other, and what is good for one is good for the other. Given the facts of this case, this portion of § 32-1-103(b) is simply not implicated in this case.

## V.

The court stated, in its November 17, 2017 order, that:

> [T]his document in is (sic) violation of T.C. A 32-1-104 (sic) in that there was no signification that the deceased had signed the will in front of two or more witnesses nor that the witnesses signed in front of testator nor each other.

Proper execution of a will requires compliance with Tenn. Code Ann. § 32-1-104. *See* Tenn. Code Ann. § 32-1-104 (2017). "The presence of an attestation clause in a will creates a rebuttable presumption that the recitations in the attestation clause regarding the will's execution are true and correct and that the will was properly executed." ***In re***

*Estate of Hill*, No. E2006-01947-COA-R3CV, 2007 WL 4224716, at *10 (Tenn. Ct. App. Nov. 30, 2007) (citing *Jackson v. Patton,* 952 S.W.2d 404, 406-07 (Tenn. 1997); *In re Estate of Ross,* 969 S.W.2d 398, 400 (Tenn. Ct. App. 1997); *Whitlow v. Weaver,* 478 S.W.2d 57, 63 (Tenn. Ct. App. 1970)).

The will at issue includes a clause at the end stating, in part, that:

> the above named Testator who signed, published, and declared this instrument to be his/her Last Will and Testament in the presence of us and each of us, who thereupon at his/her request, in his/her presence, and in the presence of each other, have hereunto subscribed our names as witnesses thereto.

Pursuant to Tenn. Code Ann. § 32-1-104(a), the above quoted material includes language stating that the deceased signified to the attesting witnesses that the instrument was the deceased's will. It states that the deceased signed in the presence of the attesting witnesses. The will further recites that the attesting witnesses signed in the presence of the deceased and in the presence of each other. Following the above material are the signatures of the decedent, Ms. Harvey, Mr. Harvey, and a notary. All signatures are dated February 15, 2016. There is no indication in the record that anyone contests the recitations or the signatures.

## VI.

In its November 17, 2017 order, the trial court stated that, "[n]one of the requirements of T.C.A. 32-2-110 was on the document." No elaboration was provided. Tenn. Code Ann. § 32-2-110 states that:

> Any or all of the attesting witnesses to any will may, at the request of the testator or, after the testator's death, at the request of the executor or any person interested under the will, make and sign an affidavit before any officer authorized to administer oaths in or out of this state, stating the facts to which they would be required to testify in court to prove the will, which affidavit shall be written on the will or, if that is impracticable, on some paper attached to the will, and the sworn statement of any such witness so taken shall be accepted by the court of probate when the will is not contested as if it had been taken before the court.

Tenn. Code Ann. § 32-2-110. Tenn. Code Ann. § 32-2-110 is permissive; it permits the use of witness affidavits to prove a will. It "authorizes the use of an affidavit of attesting witnesses in lieu of live testimony only if a will is uncontested." *In re Estate of*

*Chastain*, 401 S.W.3d 612, 620 (Tenn. 2012). There are no such affidavits in the record. That absence does not affect our decision in any way.

## VII.

The petitioner argues that the trial court erred when it required her to post a bond before she could receive the proceeds of the check from the Department of Veterans Affairs. She relies upon the fact that the deceased's will does not require a bond. While that fact is true, it has nothing to do with the court's directive that the petitioner had to file *a bond regarding this single asset of the estate.* The court did not err in requiring the petitioner to post a bond in this case.

## VIII.

Upon remand, the trial court is instructed to enter an order admitting the deceased's will to probate. Furthermore, it is clear that the check from the Department of Veterans Affairs in the amount of $135,000 is an asset of the estate to be divided equally between the petitioner and her brother.

## IX.

The judgment of the trial court is reversed. This matter is remanded for such further proceedings as may be necessary consistent with this opinion. The costs on appeal are assessed to the petitioner in her capacity as executor of this estate.

_____
CHARLES D. SUSANO, JR., JUDGE