JOHN J. DONNELLY, Plaintiff in Error, v. ROY W. HENDRIX, JR., Administrator of Marie Donnelly Markham, Deceased, et al., Defendants in Error.— 355 S. W. (2d) 116.

Western Section.  August 29, 1960.

Petition for Certiorari Denied by Supreme Court, March 27, 1961.

Ray Churchill, Wayne Lindsey, Memphis, for plaintiff in error.

Allan, Keltner & Lee, Memphis, Glascock, Miller, Collier & Feild and Roy W. Hendrix, Memphis, of counsel, for defendants in error.

CARNEY, J. Plaintiff-in-error, John J. Donnelly, appeals from the action of the lower court in directing a verdict against him in his action to contest the two disputed wills of his deceased sister, Marie Donnelly Markham, which had been certified to the Circuit Court of Shelby County for trial on an issue of devisavit vel non.

Mrs. Markham died as a result of an automobile collision on February 7, 1958, a citizen and resident of Memphis, Shelby County, Tennessee, leaving real and personal property located in Shelby County, Tennessee. Mrs. Markham left surviving her as her only heir and next of kin her brother, the plaintiff-in-error, John J. Donnelly.

Two separate documents were presented to the Probate Court of Shelby County, Tennessee, for probate as the last will of Mrs. Markham. The first was presented on March 14, 1958. It was a letter dated August 11, 1957, signed "Marie" and generally referred to as the Soeker will because Mrs. Bette Soeker was principal beneficiary thereunder. This letter was discovered in the home of Mrs. Markham after her death and we copy the same in full as follows:

"Sun Aug 11, 1957

"Dear Bette:

"I am going down to Hickory Flat, Miss. in a few minutes.

"I am uneasy about the car and might have an accident. I have made a will and have been intending to change it but as you know have been so busy haven't done it. You have been so wonderful to me that I want you to have every thing I possess. I want you to give Kathleen and G. W. Rhea $1,000.00, as they have been nice to me. Martha Linder and Mary Alice Long, my two girls that worked with me

"—2—

"My burial policy with National Funeral Home and lot at Forest Hill.

"Collect the rents on property left me by my mother up to time of my death. I am returning to John in better shape than they gave it to me.

"It was a lucky day for me the day I met you. You have really been a true friend and I want you to enjoy what I have.

"Love,

"/s/ Marie"

This letter or so-called Soeker will was admitted to probate in common form and Roy W. Hendrix, Jr. was named administrator cum testamento annexo of the estate of Mrs. Markham. Shortly thereafter the plaintiff, Mr. Donnelly, filed a petition in the Probate Court

seeking to be allowed to contest the so-called "Bette Soeker Will" averring that he was the only heir and next of kin; that Mrs. Markham's home had been entered after her death, a number of articles of value including diamond rings and a box of important papers removed, and that under very suspicious circumstances the "Soeker will" was discovered in the home. The plaintiff averred that the letter was placed there surreptitiously by Mrs. Soeker and was therefore a fraud.

Thereafter on January 24, 1959, Max and Martha Linder, husband and wife, filed a petition in the Probate Court of Shelby County seeking to be allowed to contest the so-called Bette Soeker will which had been admitted to probate in common form on the grounds that the so-called Bette Soeker will was not wholly and entirely in the handwriting of the deceased Marie Donnelly Markham and that Mrs. Bette Soeker and one Thomas D. Clayton had exercised undue influence upon Mrs. Marie Donnelly Markham causing her to write said letter.

Petitioners presented to the court a document entitled "Last Will and Testament of Marie D. Markham," dated May 3, 1951, signed by Marie Donnelly Markham and witnessed by George M. Klepper, an attorney of Memphis, Tennessee, and Jeanette B. Lillie. This paper writing was regular on its face and appeared to have been prepared by an attorney and executed in accordance with the statute. It was found in the lock box of the deceased at the Union Planters National Bank Building in Memphis by John Donnelly and Honorable John Apperson, an attorney of Memphis, after the death of Mrs. Markham.

Petitioners averred that they were beneficiaries under this will dated May 3, 1951, and prayed that a fact of contest be certified to the Circuit Court along with both of the alleged wills in order that the Circuit Court might determine which of the documents was the last will and testament of Mrs. Marie Donnelly Markham.

The plaintiff, John Donnelly, filed a response to the petition of Max Linder and wife, Martha Linder, admitting the execution by Marie Donnelly Markham of the will dated May 3, 1951, and also admitting his previous averment that the so-called Bette Soeker will was not the valid will of Marie Donnelly Markham.

Further, the plaintiff-in-error averred that on or about April 14, 1955, he and the deceased made an agreement to execute reciprocal wills in favor of each other; that he performed his part of the contract by changing his will and advancing the deceased, his sister, the sum of $3,000 to make repairs on her real estate; that he believed that Mrs. Markham executed a reciprocal will in accordance with the agreement but that said will had been secreted or destroyed by persons unknown but the plaintiff-in-error stated that he thought Mrs. Bette Soeker or someone acting in her behalf was guilty of suppressing or destroying the will.

Thus to summarize the contentions of plaintiff-in-error Donnelly: (1) He contended that the Bette Soeker will was invalid because it was spurious and/or obtained by fraud and undue influence; and (2) he contended that the will dated May 3, 1951, was not the last will and testament of Mrs. Markham because she executed a reciprocal will on or about April 14, 1955, revoking the

will of May 3, 1951, which reciprocal will had never been found.

Thereupon the Probate Court by order of date April 27, 1959, certified both the will dated May 3, 1951, and the Soeker will dated August 11, 1957, to the Circuit Court of Shelby County for a contest to determine the true last will and testament of Mrs. Markham. The order expressly authorized John Donnelly, plaintiff-in-error, to contest the validity of the will dated May 3, 1951, and also the will dated August 11, 1957, and authorized Max Linder and wife, Martha Linder, to contest the Soeker will dated August 11, 1957.

Thereupon the case went to trial in Circuit Court and lasted a period of several days. The plaintiff, John Donnelly, through his attorney participated most actively in the trial of the cause. During the course of the trial Mr. Donnelly offered no proof impeaching the validity of the Linder will dated May 3, 1951, but in substance conceded that the will was executed in accordance with the statute and that unless subsequently revoked was a good and valid will.

Mr. Donnelly offered a considerable amount of proof including his own testimony from which the jury could and did later find that the so-called Soeker will was invalid. Mr. Donnelly was never able to prove the execution of a will by Mrs. Markham made pursuant to her agreement with him on or about April 14, 1955, so to do.

At the conclusion of all the proof the Trial Judge was of the opinion that the contestant, John Donnelly, was no longer a proper party to contest the validity of

either of the wills for the reason that he was disinherited under each of them. Accordingly, the Trial Judge directed a verdict against the plaintiff-in-error, John Donnelly, and submitted the case to the jury for determination only on the question of whether the will dated May 3, 1951, was revoked by the Soeker will dated August 11, 1957, and therefore left it up to the jury to determine which of the two wills was the true will of Mrs. Marie Donnelly Markham.

The jury returned a verdict in favor of the Linder will executed May 3, 1951, and against the Soeker will. Mrs. Soeker and the other beneficiaries under the Soeker will have not appealed from the judgment rendered on the verdict of the jury establishing the Linder will as the true will of Mrs. Marie Donnelly Markham. Only Mr. Donnelly has appealed to this court.

Mr. Donnelly has filed ten assignments of error along with the record containing some 1800 pages. As so frankly conceded by counsel for plaintiff-in-error his entire appeal hinges on the validity of assignment of error No. X assailing the action of the Trial Judge in directing a verdict against him and refusing to permit the jury to consider the contentions of Mr. Donnelly that neither will was the will of Mrs. Markham.

Reference is made to an opinion of this court filed May 20, 1960, in the cause of John Donnelly v. Roy W. Hendrix, Administrator C. T. A. brought up from the Chancery Court of Shelby County, Tennessee, by the present plaintiff-in-error, Mr. Donnelly. In that case the plaintiff, Donnelly, had sought to set up a trust fund against the property of his sister, Mrs. Markham, on the grounds that she had breached her contract to execute

the reciprocal will in his favor or in the alternative that the will if executed by her had been suppressed by a beneficiary under the so-called Soeker will and could not be proven.

In our opinion dated May 20, 1960 we discussed the allegations of Mr. Donnelly concerning the transactions with his sister at some length and held that even though we accepted all of his statements as being true yet his suit could not prevail under the authority of Eslick v. Friedman, et al., (1950), 191 Tenn. 647, 235 S. W. (2d) 808. Mrs. Markham's agreement to make a will in favor of Mr. Donnelly was verbal and therefore within the statute of frauds.

In the trial of the present case in Circuit Court, the plaintiff sought to prove these same facts relating to the transactions between him and his sister and her promise to make a will naming him as the beneficiary thereof. The Trial Judge properly held that such evidence of verbal promises on the part of Mrs. Markham was not sufficient to prove a revocation of the Linder will dated May 3, 1951. Parol evidence is not admissible to revoke a written will.

"A written will of either real or personal property cannot be revoked by parol: Allen v. Huff, 1 Yerg., 404. A will duly executed and attested by witnesses, as required by the Code, sec. 2162, or in the testator's own handwriting, found and proved, as required by the Code, sec. 2163, can only be revoked by an instrument of equal solemnity: Greer v. McCrackin, Peck, 301, 14 Am. Dec. 755. The evidence of revocation, as it has been otherwise expressed, must be of dignity equal to the instrument revoked. The solemn and deliberate act

of making and publishing a will, with all the formalities and requirements of the law, cannot be affected by verbal declarations, but there must be some act done plainly indicating an intention to revoke or annul, such as cancellation, destruction, and removal from the place of deposit: Marr v. Marr, 2 Head. 303, 304.

■ "* * * It was, however, decided at an early day, that, in order to revoke a will, it is not sufficient that the existence of a subsequent will should have been found by a jury, it must be found to be different from the former, and even the latter finding will not avail, if it be added that the nature of such difference is unknown to the jurors: * * *

■ "And the presumption, in the case of a will traced into the hands of the testator and not found after his death, is that he has himself cancelled it." Allen v. Jeter, 74 Tenn. 672; Hickey v. Beeler, 180 Tenn. 31, 171 S. W. 277.

The formal execution of the Linder will dated May 3, 1951, was proven, and plaintiff-in-error conceded that it was formally executed and valid when written.

■ Since the plaintiff-in-error, Donnelly, was completely disinherited by his sister under the Linder will, he could not possibly have any property rights in the estate of his sister, Mrs. Markham, regardless of whether the Soeker will dated August 11, 1957, was sustained or held invalid. He was disinherited under both wills.

Therefore, in order for the plaintiff-in-error, Donnelly, to prevail it was necessary that he prove to the satis-

faction of the jury by competent evidence, (1) that the Linder will dated May 3, 1951, was not lawfully executed and therefore Mrs. Markham died intestate, or (2) that the will dated May 3, 1951, was revoked by a subsequent validly executed and proven will devising Mr. Donnelly some interest in her estate. Mr. Donnelly conceded that the Linder will was validly executed and was unable to prove by any competent evidence that this will was subsequently revoked by a validly executed and proven will devising him any interest in Mrs. Markham's estate. Hence, the Trial Court quite properly directed a verdict in favor of the Linder will insofar as it affected the rights of Mr. Donnelly in his sister's estate.

After this action by the Trial Judge Mr. Donnelly's rights in the estate of his sister were completely cut off and except for personal satisfaction could neither gain nor lose by the Soeker will being sustained or set aside. Hence, the Trial Judge quite properly held also that the plaintiff-in-error, Donnelly, at that time no longer had a right to contest the Soeker will. Phillips' Pritchard on Wills, Vol. I, Section 339.

Upon argument in this court upon appeal solicitor for plaintiff-in-error still cónceded that the Linder will was a valid will but insisted that it was revoked either by the unfound and unproven reciprocal will alleged to have been written on or about April 14, 1955, or it was revoked by the so-called Bette Soeker holographic letter or will. Since the reciprocal will was never proven it needs no further discussion.

As to the effectiveness of the so-called Soeker will to revoke the Linder will dated May 3, 1951, Mr. Donnelly, through his attorney, is in effect saying to this court as follows: ''I was entitled to argue to the jury that the Soeker will is invalid as a will to devise property to Mrs. Soeker because of fraud and undue influence but it is sufficiently valid as a will to revoke in toto the Linder will dated May 3, 1951; hence, if the jury should find in my favor Mrs. Soeker would take nothing under the Soeker will because of her fraud and undue influence and the Linders would take nothing under the Linder will because of the fraud and undue influence on the part of Mrs. Soeker and I would be entitled to receive all of the property left by my sister, Mrs. Markham, under the Tennessee Statutes of Descent and Distribution.''

We deem this argument specious and without merit. Therefore, assignment of error No. X, along with the other assignments of error, must be respectfully overruled.

However, it does appear to the court in this cause that the plaintiff, Donnelly, has rendered service to the estate of his deceased sister, Mrs. Markham, in obtaining evidence from which the jury could more intelligently reach a decision as to the true last will and testament of Mrs. Markham. Therefore, upon the authority of T. C. A. sec. 20-1621 the costs in this court should be taxed one-half against the plaintiff-in-error and one-half against the defendant-in-error, Roy W. Hendrix, Administrator C. T. A. of the estate of Mrs. Marie Donnelly Markham.

The judgment of the lower court will be affirmed and the cause remanded for further proceedings consistent with this opinion.

Avery, P. J. (W. S.), and Bejach, J., concur.