**In Re ESTATE OF James (Jack) Orvorie MARTIN.**

**Hulan F. MARTIN et al., Appellees-Proponents,**

v.

**Flossie Gribble MARTIN (Goodman), Appellant-Contestant.**

Court of Appeals of Tennessee, Western Section.

May 3, 1977.

Certiorari Denied by Supreme Court July 25, 1977.

Noble E. Pepper, Hermitage, for appellant-contestant.

Harold E. Collins, Nashville, for appellees-proponents.

NEARN, Judge.

This is a will contest. By consent of the parties it was tried in the Circuit Court at Nashville without a jury.

On September 12, 1974, Jack Martin died. On February 5, 1975, the brother of the deceased offered for probate in the Probate Court of Davidson County, a holograph dated June 3, 1974. On February 28, 1975, Flossie Goodman filed a petition and answer in the Probate Court. The petition alleged that Flossie Goodman was the beneficiary of a formal will of Martin, dated January 27, 1970, which she contended was the only and last will of Martin, and charged that the holograph failed as a will.

Both alleged wills were certified to the Circuit Court for trial on the issue of *devisavit vel non.*

The Trial Judge found in favor of the holograph.

We affirm.

Flossie Goodman attempted to prove the formal will of 1970, in which she was the prime beneficiary, as the last will and testament of Jack Martin. Her right to contest the holograph depends upon the efficacy of this position. If the alleged formal will of 1970 fails, she has no right to contest, for she is neither a beneficiary under the holograph nor an heir of Martin. It is our opinion that plaintiff's own proof positively rejects any possibility that the formal will of 1970 was the last will and testament of Martin.

Flossie Goodman testified that she and Martin together went to attorney Nowlin Taylor's office in 1970 where the 1970 will was prepared and signed. Flossie Goodman retained the original Martin will. The 1970 will contains the following opening paragraph:

"I, JAMES (JACK) ORVORIE MARTIN, a resident of Bedford County, Tennessee, being of sound mind and disposing memory, and realizing the uncertainty of life and the certainty of death, do hereby make and publish this my Last Will and Testament, hereby revoking any and all wills and codicils by me heretofore made." (Underscoring ours)

Attorney Nowlin Taylor was called to testify on behalf of Flossie Goodman. Mr. Taylor testified that he prepared the 1970 will, but also testified that in 1971, Flossie Goodman and Jack Martin again returned to his office and a new will was prepared. He further testified that the 1971 will was

identical to the 1970 will except that the name of a testamentary guardian was changed. Mr. Taylor had a copy of the 1971 will, but the original could not be found by anyone.

Flossie Goodman did not return to the stand to deny or explain any of Mr. Taylor's testimony.

■ Since this matter was heard without a jury, it arrives in this Court for a review *de novo* of the facts and the law, accompanied by the presumption of the correctness of the decree below. T.C.A. § 27–303.

■ We find as a fact that Mr. Taylor's testimony was factually correct. Those facts being accepted as true, it necessarily follows that the 1970 will was formally revoked by the 1971 will which contained a revoking clause identical to the one before set out. It also then follows that Flossie Goodman could not take under the 1970 will, as it had been revoked.

Had Flossie Goodman desired to rest her rights on the 1971 will, which also named her as beneficiary, she could not do it in the Probate or Circuit Court, but would have been required to assume the difficult task of proving a lost will in the Chancery Court. See *Buchanan v. Matlock* (1847) 27 Tenn. (8 Humph.) 390, 47 Am.Dec. 622.

■ Perhaps this is why she chose to ignore the 1971 will, the original of which cannot be found and therefore is strongly presumed to have been revoked or destroyed by the testator. *Sanders v. McClanahan* (1969 E.S.) 59 Tenn.App. 590, 442 S.W.2d 664; *Donnelly v. Hendrix* (1960 W.S.) 49 Tenn.App. 361, 355 S.W.2d 116.

The Assignments of Error are without merit.

The judgment below is affirmed and the cause remanded to the Circuit Court for a remand to the Probate Court accompanied by the holograph as the last will and testament of Jack Martin.

All costs are adjudged against the appellant and surety.

Done at Nashville in the two hundred and first year of our Independence and in the one hundred and eighty-second year of our Statehood.

CARNEY, P. J., and MATHERNE, J., concur.