IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 3, 2020

**IN RE ESTATE OF DAWSON LEWIS**

**Appeal from the Chancery Court for Gibson County**
**No. 23190-P         George R. Ellis, Chancellor**

————————————————————

**No. W2019-01839-COA-R3-CV**

————————————————————

The petitioners filed a petition to probate the will of the decedent. The will offered for probate had markings on the provisions concerning the appointment of executors to the will and the payment of the head stone. The petitioners filed an affidavit stating that they had no knowledge concerning who made the markings on the decedent's will. The Trial Court entered an order denying the petition to probate the will, finding that the markings on the will "negated it from being accepted to Probate" and that the decedent had, therefore, died intestate. The petitioners appealed. We reverse the judgment of the Trial Court and remand for the decedent's will to be admitted to probate.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Floyd S. Flippin, Humboldt, Tennessee, for the appellants, Gail Forte and Freda Lewis.[1]

**OPINION**

**Background**

In January 2018, Dawson Lewis ("Decedent") executed a last will and testament. Decedent subsequently died in May 2019. In June 2019, Decedent's daughters, Gail Forte and Freda Lewis ("Petitioners"), filed a petition seeking to probate Decedent's last will and testament. Petitioners filed an affidavit certifying that they had provided notice to

---

[1] The appellees, Anna Anderson-Lewis, Don Anderson, James A. Lewis, Dennario Carr, Antwaun Carr, Crystal Hayes, and Tauvi Carr, declined to file a responsive appellate brief in this matter.

Decedents' surviving heirs that they were beneficiaries of the estate by sending them a copy of Decedent's will. The petition and affidavit identified Anna Anderson-Lewis, Freda Lewis, Gail Forte, Don Anderson, James A. Lewis, Bonnie Leshoure, Dennario Carr, Antwaun Carr, Crystal Hayes, and Tauvi Carr as beneficiaries to the estate.

Decedent's last will and testament appointed Gail Forte and Freda Lewis as the executors of the will. The document contains markings on the will drawing a line through the part of the will appointing Gail Forte as an executor and a line through the sentence directing the funds from which the expense for his head stone was to be taken. There was no evidence on the face of the document concerning who made the markings. The last will and testament was signed by Decedent, as well as two witnesses. The date on the will reflects the document was executed in January 2018. The two witnesses also executed an affidavit declaring in part that they witnessed the execution of Decedent's last will and testament, that Decedent signed the will in their sight and presence, that they attached their signatures to the will at the request of Decedent, that they signed the will in the presence of Decedent and each other, and that Decedent appeared to be of sound mind at the time of the will's execution.

Petitioners also filed a joint affidavit with their petition for probate stating as follows:

Comes now Affiants, Freda Lewis and Gail Forte, and after being duly sworn, make oath as follows:

1. Neither Affiant knows who marked through Gail Forte's name as Co-Executor of the Will of Dawson Lewis, deceased, nor do they know who marked through the language regarding the expense of the head stone to come out of the funds of Gail Forte and Freda Lewis.

2. Your Affiants have no problem with Freda Lewis serving alone as Executor or Gail Forte serving. If the Court deems appropriate for Gail Forte to resign, she will.

3. Your Affiants would show that the expense for the head stone was prepaid prior to the death of Dawson Lewis, and therefore, that expense would not be needed.

The foregoing would be the testimony of the Affiants if called upon to give evidence at trial.

Both Petitioners signed the joint affidavit, and their signatures were notarized.

The Trial Court subsequently entered an order in September 2019 denying the petition for probate, which provided as follows in its entirety:

This matter came on to be heard upon the Petition for Probate, the Affidavits of [Petitioners], the statements of counsel for Petitioners, and upon the entire record of this cause from all of which the Court denied the Petition for Probate and specifically found the markings on said Will negated it from being accepted to Probate and therefore [Decedent] died intestate.

IT IS, THEREFORE, CONSIDERED AND ORDERED BY THE COURT that the Petition for Probate be and the same is hereby denied. Costs are assessed against Petitioners.

Petitioners timely appealed to this Court. Pursuant to Tennessee Rule of Appellate Procedure 24(d), Petitioners filed a notice with the Trial Court that they would not be filing a transcript of the proceedings or statement of evidence, stating that no evidence had been presented to the Trial Court "other than the contents of the record, upon which the Court summarily dismissed the Petition for the reasons stated in the Order entered September 17, 2019."

**Discussion**

Although not stated exactly as such, Petitioners raise the following as an issue for our review on appeal: whether the Trial Court erred by denying the petition for probate upon its finding that the markings on Decedent's last will and testament negated its acceptability for probate. This Court has stated regarding probate proceedings:

Proceedings to admit a will to probate are *in rem* proceedings. *Jennings v. Bridgeford,* 218 Tenn. [287,] 294-95, 403 S.W.2d [289,] 292 [(1966)]; *Reaves v. Hager,* 101 Tenn. [712,] 718, 50 S.W. [760,] 762 [(1899)]; 1 PRITCHARD § 45, at 73; 3 PAGE ON WILLS § 26.51, at 141. Their function is to provide the court with the information it needs to decide the proper distribution of the *res,* i.e., the estate. *Fransioli v. Podesta,* 175 Tenn. 340, 347, 134 S.W.2d 162, 165 (1939); *Lillard v. Tolliver,* 154 Tenn. [304,] 312-13, 285 S.W. [576,] 578-79 [(1926)]; 1 PRITCHARD § 45, at 73. In making this determination, the court's polestar is the intent of the testator or testatrix. *In re Dye's Estate,* 565 S.W.2d 219, 221 (Tenn. Ct. App. 1977). The proceedings are designed not to advance the interests of the living parties but rather to vindicate the right of the decedent to dispose of his or her property as he or she saw fit. *Jennings v. Bridgeford,* 218 Tenn. at 293-94, 403 S.W.2d at 291-92; *Hodges v. Bauchman,* 16 Tenn. (8 Yer.) 186, 188-90, 1835 WL 929, at *1-2 (1835).

*In re Estate of Boote*, 198 S.W.3d 699, 717 (Tenn. Ct. App. 2005).

Concerning the applicable standard of review for probate proceedings, this Court has stated:

> The construction of wills is a question of law for the court. *Presley v. Hanks,* 782 S.W.2d 482, 487 (Tenn.Ct.App.1989). The validity of a will is a question of fact, as determined from all the evidence, intrinsic or extrinsic, as to whether the testatrix intended the writing to operate as a will. *In re Estate of Cook,* No. E2001-02062-COA-R3-CV, 2002 WL 1034016 at *2 (Tenn. Ct. App. May 23, 2002) (citing *Scott v. Atkins,* 44 Tenn.App. 353, 314 S.W.2d 52, 56 (Tenn. Ct. App. 1957)). A review of findings of fact by a trial court is *de novo* upon the record, accompanied by a presumption of correctness; we must affirm findings of fact unless the preponderance of the evidence is otherwise. Tenn. Rule App. P. 13(d); *Brooks v. Brooks,* 992 S.W.2d 403, 404 (Tenn. 1999). Review of questions of law is *de novo,* without a presumption of correctness. *See Nelson v. Wal Mart Stores, Inc.,* 8 S.W.3d 625, 628 (Tenn. 1999).

*In re Estate of Ward*, No. W2010-00287-COA-R3-CV, 2010 WL 2712530, at *2 (Tenn. Ct. App. July 9, 2010).

In this case, Decedent executed his last will and testament in January 2018 in the presence of two witnesses as required by Tennessee Code Annotated § 32-1-104 (Supp. 2020). Pursuant to Tennessee Code Annotated § 32-2-110 (2015), those two witnesses executed an affidavit certifying that Decedent signed the will in their sight and presence, that they signed the will as witnesses at the request of Decedent and in the presence of Decedent and each other, and that Decedent appeared to be of sound mind when executing the will. Tennessee Code Annotated § 32-2-110 provides an avenue for a party to prove the requirements in section 32-1-104 without the need for live testimony from the witnesses to the will. *See In re Estate of Harris*, No. W2016-01768-COA-R3-CV, 2018 WL 6444136, at *3 (Tenn. Ct. App. Dec. 10, 2018). Tennessee Code Annotated § 32-2-110 provides that an affidavit containing the sworn statements of the witnesses to the will stating the facts for which they would testify in court in order to prove the will "shall be accepted by the court of probate when the will is not contested as if it had been taken before the court." No one challenged the will's compliance with Tennessee Code Annotated § 32-1-104 during the probate proceedings.

The issue on appeal concerns the markings on the last will and testament after its execution. Lines had been drawn over one provision in the will appointing Gail Forte as an executor of the will but Freda Lewis's name in that same provision remained untouched.

A line also had been drawn through a sentence directing the funds for Decedent's head stone to be paid from Petitioners' share of the estate. As a result of these markings, the Trial Court denied Petitioners' request to admit Decedent's will to probate, finding the entire will to be unacceptable for probate and determining that Decedent died intestate.

The Trial Court stated in its order that its ruling was based on "the Petition for Probate, the Affidavits of Gail Forte and Freda Lewis, the statements of counsel for Petitioners, and upon the entire record of this cause." This is consistent with Petitioners' appellate brief which states that no evidence was presented at the time of the hearing. The record before us reflects no evidence of any contest to the will or its validity. The only sworn statements before the Trial Court concerning the markings were by Petitioners in their joint affidavit. In such affidavit, Petitioners denied that they had any knowledge of the identity of the individual who made the markings on the will. There was no other evidence presented as to these markings. Following this hearing, the Trial Court's order stated only that "the markings on [Decedent's] Will negated it from being accepted to Probate" and that Decedent had died intestate, without providing further explanation.

We note that markings on a will do not necessarily mean that the entire will has been revoked by the testator. Tennessee Code Annotated § 32-1-201 (2015) provides as follows concerning the revocation of a will:

A will or any part thereof is revoked by:

(1) A subsequent will, other than a nuncupative will, that revokes the prior will or part expressly or by inconsistency;

(2) Document of revocation, executed with all the formalities of an attested will or a holographic will, but not a nuncupative will, that revokes the prior will or part expressly;

(3) Being burned, torn, cancelled, obliterated or destroyed, with the intent and for the purpose of revoking it, by the testator or by another person in the testator's presence and by the testator's direction; or

(4) Both the subsequent marriage and the birth of a child of the testator, but divorce or annulment of the subsequent marriage does not revive a prior will.

This Court has held that a testator can revoke by physical act specific provisions of a will, while leaving the remaining provisions intact. *See In re Estate of Warren*, 3 S.W.3d 493, 495 (Tenn. Ct. App. 1999); *In re Estate of Dye*, 565 S.W.2d 219, 221 (Tenn. Ct. App. 1977). "For a revocation to be valid, concurrence of an intention to revoke and some act

by the testator manifesting that intention is required." *In re Estate of Dye*, 565 S.W.2d at 221. In cases regarding revocation of a will, the key is the intent of the testator. *See id.*; *Cozart v. Jones*, 1986 WL 624, at *3 (Tenn. Ct. App. Jan. 3, 1986).

On appeal, Petitioners argue that the trial court erred by finding that Decedent had died intestate due to the lack of evidence demonstrating an intent by Decedent to revoke his will and Tennessee's presumption against intestacy. As early as 1875, the Tennessee Supreme Court in *Hearn v. Alexander*, 3 Tenn. Cas. (Shannon) 224 (1875), applied a presumption against intestacy when construing the meaning of a will. Since then, Tennessee courts have recognized a presumption against intestacy, which provides that "when a person makes a will there is a presumption that the person did not intend to die intestate as to any part of his or her property." *In re Estate of McFarland*, 167 S.W.3d 299, 303 (Tenn. 2005); *see also* Tenn. Code Ann. § 32-3-101 (2015) (codifying the common law presumption against intestacy). This presumption has been consistently utilized when construing the meaning of a will so as to prevent either partial or full intestacy when the testator has executed a will so long as "'the words used, by any fair interpretation, will embrace the property not otherwise devised, unless a contrary intention appears from the context.'" *In re Walker*, 849 S.W.2d 766, 768 (Tenn. 1993) (quoting *McDonald v. Ledford,* 140 Tenn. 471, 475, 205 S.W. 312, 313 (1917); *see also In re Estate of McFarland*, 167 S.W.3d at 303; *In re Estate of Milam*, 181 S.W.3d 344, 355 (Tenn. Ct. App. 2005); *In re Tipler*, 10 S.W.3d 244, 249 (Tenn. Ct. App. 1998).

In *Cozart v. Jones*, this Court applied that presumption to a case concerning whether a testator had revoked his will by marking changes onto the face of the will. 1986 WL 624, at *4, 7 (Tenn. Ct. App. Jan. 3, 1986). In that case, the trial court ultimately concluded that the testator had not intended to revoke his existing will but that he had only intended to make changes to the will in the future, leaving his existing will in effect until he executed a new will. *Id.* at *1. In affirming the trial court's decision, the *Cozart* Court applied the presumption against intestacy, determining the existing will remained valid and had not been revoked. *Id.* at *7. We hold that the common law presumption against intestacy is relevant to the present case concerning whether Decedent intended to revoke his last will and testament by drawing lines through two provisions in the will if indeed it was Decedent who drew the lines.

In the present case, Decedent had not destroyed the last will and testament or written anything on it to reflect that he intended to revoke his last will and testament, nor had he executed a subsequent document revoking the January 2018 will. The markings on the will, which consisted of lines drawn through only two provisions, do not demonstrate an intent by Decedent to revoke his will in its entirely. Although a testator's action of drawing through provisions of a will can support a revocation of those provisions, there is no evidence in this case that Decedent was the person who made the markings on the will or that he intended to revoke portions of the will. The only proof in the record is Petitioners'

joint affidavit stating that they are unaware who made the markings on the will. This was not challenged during the probate proceedings. We note that no initials were located near the markings to demonstrate the identity of the person making the markings. Additionally, no evidence was presented of any individual witnessing Decedent make any markings on the will, of any person identifying the markings on the will as those of Decedent, or concerning whether Decedent made comments prior to his death regarding revision of his will. Moreover, no one was present contesting the will in its entirety or any provisions within the will. The record lacks evidence demonstrating an intent by Decedent to revoke any portions of his will, only the presence of unexplained lines drawn through two provisions in the will that had not been attributed to Decedent.

As such, there is insufficient evidence to support that Decedent made the markings on the will or that he intended to revoke those portions of the will, much less a revocation of the entire will. We, therefore, reverse the Trial Court's order denying the petition to probate Decedent's will. Upon remand, the Trial Court is instructed to enter an order admitting Decedent's last will and testament to probate.

## Conclusion

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion. The costs on appeal are assessed against the appellants, Gail Forte and Freda Lewis, in their capacity as executors of the estate.

_____
D. MICHAEL SWINEY, CHIEF JUDGE